UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN DESHAWN WHETSTONE,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 1:17-CV-507
(Criminal Case No. 1:15:CR:21)

HON. GORDON J. QUIST

## OPINION DENYING MOTION TO VACATE

On February 4, 2015, Marvin Deshawn Whetstone was charged with conspiracy, mail fraud, and theft of government property. On May 4, 2015, after reaching a plea agreement, he pled guilty to mail fraud, and the other charges were dismissed. The charges arose from Whetstone's check- and tax-fraud ring. The presentence report recommended enhancements under the Sentencing Guidelines for a few reasons, *e.g.*, there were more than 10 victims, per Sentencing Guideline § 2B1.1(b)(2)(A). Judge Robert Holmes Bell issued a notice of intent to impose an above-guidelines sentence, and on September 16, 2015, Judge Bell varied upward by 21 months—a total sentence of 84 months. Judge Bell cited, among other factors, the fact that Whetstone had previously been convicted of "virtually the same kind of behavior," and that Whetstone started the instant offense and scheme "immediately after" completing his previous sentence. Whetstone appealed, and the Sixth Circuit denied his appeal on June 29, 2016.

On June 5, 2017, Whetstone filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 1.) His subsequent reply presents slightly different arguments, as described

below, but in his petition, Whetstone alleges three grounds, each of which argues a form of ineffective assistance of counsel by both his trial and appellate counsel.

Whetstone must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In order to establish an ineffective assistance of counsel claim, a movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). The Court must presume that the lawyer is competent—the burden is on Whetstone, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

Claims are procedurally defaulted if they were not raised on direct appeal; Whetstone may raise such procedurally-defaulted claims on collateral review only if he can show cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003). Whetstone may not raise his arguments as claims in their own right—he did not raise them on direct appeal and has not shown cause and prejudice to raise them here on collateral review. Therefore, the Court must analyze his claims as ineffective assistance claims only.

### Whetstone's Criminal History Category

Whetstone asserts that "his prior fraud conviction represented relevant conduct under § 1B1.1.3 and thus it should not have been assigned (criminal history) points under § 4A1.1." The Government noted that Whetstone was imprisoned for 27 months following Whetstone's prior

fraud conviction for passing a bad check in 2006, and therefore, "it is impossible for the prior federal offense to have been part of the relevant conduct for the instant offense" in 2012. (ECF No. 8 at PageID.32.) Whetstone argues that his trial and appellate counsel were ineffective because they did not argue that the 2013 conviction was part of the relevant conduct in his 2016 conviction and, therefore, should not be considered as a prior conviction.

Whetstone's claim fails. The commentary to U.S.S.G. § 1B1.3 (Relevant Conduct) states, "offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." As an example, the commentary describes the following hypothetical:

> The defendant was convicted for the sale of cocaine and sentenced to state prison. Immediately upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi. The instant federal offense (the offense of conviction) charges this latter sale. In this example, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction. The prior state prison sentence is counted under Chapter Four (Criminal History and Criminal Livelihood).

*Id.* This example is directly applicable to Whetstone. Whetstone's argument is unsupported and contrary to the Guidelines. He cannot classify his prior conviction as "relevant conduct" instead of "criminal history." He cannot claim that his counsel was ineffective for not making an argument that is in direct contradiction to the Sentencing Guidelines' commentary.

### THE 10-OR-MORE-VICTIMS ENHANCEMENT

Whetstone received a two-point enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) because the Court found that Whetstone had ten or more victims. Whetstone did not raise this issue in his original motion. Raising it for the first time in his reply brief waives the issue. *Scottsdale Ins. Co.*, 513 F.3d at 553. However, the Court will address it.

Whetstone makes two claims attacking the 10-or-more-victims enhancement. First, he says that not all of the ten victims specifically identified in the presentence report (PSR) sustained actual monetary loss and are, therefore, not "victims" under the Guidelines. Whetstone cites *United States v. Yager*, 404 F.3d 967, 971 (6th Cir. 2005), which held that an individual whose lost funds were immediately refunded cannot be considered a "victim" under Sentencing Guideline § 2B1.1(b)(2)(A)(i). Whetstone submits that the PSR's listed victims were "impacted," but "several of the entities listed in the PSR sustained no loss at all, and some sustained losses that were immediately reimbursed." (ECF No. 11 at PageID.46.) Besides *Yager*, which is not directly on point[2], Whetstone offers no legal authority for his argument, nor does he offer facts to demonstrate that the PSR was incorrect.

> A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. Instead, beyond such a bare denial, he must produce some evidence that calls the reliability or correctness of the alleged facts into question. If a defendant meets this burden of production, the government must then convince the court that the PSR's facts are actually true. But the defendant gets no free ride: he must produce more than a bare denial, or the judge may rely entirely on the PSR.

*United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003) (citation and quotation omitted). Because Whetstone offers only conclusions without support, he "gets no free ride." Whetstone cannot sustain an argument that his victims suffered no loss and, accordingly, that his counsel were ineffective for not raising this issue.

Whetstone's second argument on this issue likewise fails. He points out that the PSR listed the U.S. Postal Service (USPS) as one of his victims. He argues that government entities, such as the USPS, do not fit the Guidelines' definition of "victim." The Guidelines define a victim as "(A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense. 'Person' includes individuals,

---

[2] The victims listed in the PSR were corporate entities; in *Yager*, the victims in question were individual bank account holders who temporarily lost funds but were immediately reimbursed by their banks.

4

corporations, companies, associations, firms, partnerships, societies, and joint stock companies." U.S.S.G. § 2B1.1. Whetstone argues that the USPS is not a "person" and, accordingly, not a "victim" under § 2B1.1(b)(2)(A)(i). This would, Whetstone argues, reduce his victim count to nine and render the applicable enhancement null. His counsel never raised this argument and, according to Whetstone, they were ineffective for not doing so.

"A failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." *New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011) (quoting *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066). Counsel's failure to advance a novel legal theory cannot support a claim of ineffective assistance of counsel under *Strickland*. *See id.*; *Haight v. White*, No. 3:02-CV-00206-GNS-DW, 2017 WL 3584218, at *17–18 (W.D. Ky. Aug. 18, 2017); *Jackson v. Bradshaw*, No. 2:03-CV-983, 2007 WL 2890388, at *37 (S.D. Ohio Sept. 28, 2007), *aff'd*, 681 F.3d 753 (6th Cir. 2012); *Meeds v. Moore*, No. 3:06-CV-025, 2006 WL 5350738, at *4 (S.D. Ohio June 14, 2006), *report and recommendation adopted as modified*, No. 3:06-CV-025, 2008 WL 301978 (S.D. Ohio Feb. 1, 2008).

Whetstone cites no authority to support his argument that the USPS cannot be a "victim" under the statute; he relies only on his reading and application of the language of the Guidelines' commentary. The Court is unaware of any binding legal authority to support his claim. An unpublished case from the Eastern District of Kentucky found that "§ 2B1.1's definition of victim does not include governments, and thus, the enhancement for ten or more victims is not applicable." *United States v. Maddux*, No. CR 14-20-DLB-EBA, 2016 WL 4445246, at *2 (E.D. Ky. Aug. 23, 2016). That decision was issued nearly a year after Whetstone was sentenced and months after his appeal was denied. The Eighth Circuit, on the other hand, has held in a published opinion that "[g]overnmental entities can be considered victims for purposes of [the

5

§2B1.1(b)(2)(A)] enhancement." *United States v. Cunningham*, 593 F.3d 726, 731–32 (8th Cir. 2010) (citation omitted). The *Cunningham* court noted that the victims included the State of Iowa, nine counties, the City of Des Moines, and the collective United States Government, and held that "the district court's [victim] calculation stands and satisfies the 'ten or more' required for the enhancement." *Id.* at 732; *see also United States v. Sedore*, 512 F.3d 819, 826–27 (6th Cir. 2008) (referring to the IRS as a victim in general discussion regarding the number of victims count); *United States v. Tejas*, 868 F.3d 1242, 1245 (11th Cir. 2017) (counting the USPS and individual addressees as victims when calculating number of victims).

It was not unreasonable for Whetstone's counsel not to have raised the issue. Whetstone offered no authority on the matter, and the Court is unaware of any. The Eighth Circuit explicitly rejected Whetstone's argument, and other circuits—including the Sixth—have indicated that government entities can be victims under § 2B1.1(b)(2)(A). *See, e.g., Sedore*, 512 F.3d at 826–27. Further, Whetstone victimized the USPS when it was acting in a commercial capacity and holding itself out for commercial enterprise, *i.e.*, selling stamps. In this commercial capacity, the USPS was functioning similarly to a corporation, which would fit the Guidelines' "person" and "victim" definitions. The Government had also noted in its brief in support of an upward departure/variance in Whetstone's criminal case that the PSR's list of ten victims was "conservative because it does not include as victims the retailers who were defrauded." (Case No. 1:15-CR-21, ECF No. 39 at PageID.182–83.)

Accordingly, neither of Whetstone's counsels were ineffective for failing to raise this issue at sentencing or on appeal.

## LOSS AMOUNT CALCULATION

Whetstone admits that "it is not at all clear from reading the § 2255 [motion] exactly WHAT Movant was arguing with respect to the amount of loss enhancement." (ECF No. 11 at

6

PageID.47 (emphasis in original).) Again, in the interest of efficiency and a liberal reading of his pro se filing the Court will nevertheless address Whetstone's newly raised claim.

Whetstone argues that Amendment 791 of the Sentencing Guidelines, which changed the financial loss tables, should have been applied to his case.

However, Amendment 791 is not retroactive. *United States v. Mahmud*, No. 11-20078, 2016 WL 3019310, at *2 (E.D. Mich. May 26, 2016); *United States v. Davis*, No. 3:05-CR-744, 2016 WL 3962639, at *2 (N.D. Ohio July 22, 2016). Amendment 791 "is not listed under U.S.S.G. § 1B1.10(c), the Sentencing Commission expressly characterized the change as a 'substantive amendment,' U.S.S.G., App. C. Supp. at 10, and the amendment does not resolve any circuit split. Accordingly, the revised loss tables do not apply retroactively in this case." *United States v. Geringer*, 672 F. App'x 651, 653 (9th Cir. 2016).

Accordingly, Whetstone's appellate counsel was not ineffective for failing to raise this issue on appeal as there was no basis for it. Whetstone cannot make this argument in regards to his trial counsel because the Amendment became effective on November 1, 2015, *i.e.*, after he was sentenced. *See id.*

Whetstone's three claims of ineffective assistance of counsel are meritless. Therefore, the Court will deny Whetstone's motion to vacate.

## SLACK

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Whetstone has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue

7

must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Whetstone's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Whetstone's claims was debatable or wrong. Therefore, the Court will deny Whetstone a certificate of appealability.

A separate order will issue.


Dated: June 14, 2018                             /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE